**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

STATE OF FLORIDA

v.                                                    Case No.  5:26-cv-93-AW-MJF

CORNELIO HUNT,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §§ 1443 and 1455, Defendant Cornelio Hunt attempts to consolidate and remove to the District Court two Florida criminal prosecutions. Doc. 1. For the reasons set forth below, the District Court should remand Hunt's criminal cases to the Florida court from which Hunt attempts to remove them.

### BACKGROUND

The State of Florida charged Hunt in Holmes County Court Case No. 26000046CTAXMX with a second-degree misdemeanor: knowingly operating a vehicle while driving with a suspended license. Doc. 2-1 at 4. The State of Florida also charged Hunt in Holmes County Court Case No.

26000052MMAXMX with a first-degree misdemeanor: resisting or obstructing an officer without violence. Doc. 2-1 at 5.

Hunt attempts to remove both criminal actions to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. §§ 1443 and 1455. Hunt asserts that the relevant Florida court denied him access to the courts and that it lacks jurisdiction.

### DISCUSSION

**A.**   **<u>Hunt Cannot Remove His Cases Under 28 U.S.C. § 1443</u>**

In his notice of removal, Hunt first references 28 U.S.C. § 1443.

A party seeking removal of an action pursuant to § 1443 bears the burden of establishing that removal is proper. *Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 417 F.3d 444, 448 (5th Cir. 2005); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Hunt does not make any allegations that would suggest he is seeking removal pursuant to § 1443(2). Thus, Hunt has failed to carry his burden of demonstrating the applicability of subsection 2. That leaves only subsection 1.

Under § 1443(1), a defendant may remove a state criminal prosecution to federal court when the defendant "is denied or cannot enforce" in the relevant state court "a right under any law providing for the

equal civil rights of citizens of the United States . . . ." 28 U.S.C. § 1443(1).

Only rarely will a State criminal prosecution qualify for § 1443 removal.

*See Greenwood v. Peacock*, 384 U.S. 808, 828–29 (1966).

To demonstrate removability under § 1443(1), the removing party fist must show that the right upon which he relies "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, the removing party "must show that he has been denied or cannot enforce that right in the state courts." *Id.*

### 1.    *Hunt Fails to Establish the First Requirement*

Hunt's allegations fail to satisfy the first requirement for removal: that the right upon which he relies provided for specific civil rights stated in terms of racial equality.

"The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792).  A defendant's reliance on broad constitutional provisions does not support removal under § 1443 when those provisions are not phrased in "the specific language of racial

equality that § 1443 demands." *Rachel*, 384 U.S. at 792 (quotations omitted). Thus, for example, allegations that a criminal defendant has been or will be denied general rights—such as those protected by the Equal Protection, Full Faith and Credit, and Privileges and Immunities Clauses, and rights to a fair and speedy trial—are insufficient to qualify for removal under § 1443(1). *See Miller v. Lambeth*, 443 F.3d 757, 761 (10th Cir. 2006) (Equal Protection, Full Faith and Credit, and Privileges and Immunities Clauses); *Conley*, 245 F.3d at 1295–96 (Equal Protection Clause); *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (rights to a speedy and fair trial); *New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (per curiam) (Equal Protection Clause).

Here, Hunt states that the removal is based on violations of his "constitutional rights," but he has failed to identify any "rights implicating racial equality" relevant to his case. The rights Hunt mentions in passing—access to courts and the "right to travel"—apply regardless of the individual's race, and Hunt also has not alleged that he was denied these rights based on his race. Hunt, therefore, has failed to carry his burden of establishing the first requirement for removal pursuant to § 1443(1). For

this reason alone, section 1443 does not authorize Hunt to remove his criminal cases to a federal court.

### 2.   *Hunt Also Fails to Establish the Second Requirement*

Hunt also fails to establish the second mandatory prerequisite to removal: that he has been denied—or likely will be denied—an equal civil right under federal law "or cannot enforce that right in the state courts." *See Conley*, 245 F.3d at 1295. To warrant removal of a criminal action pursuant to § 1443(1), a State's denial of a party's civil rights generally must be "manifest in a formal expression of state law," or the defendant must show that he is immunized from prosecution and trial by federal civil rights law. *Johnson v. Mississippi*, 421 U.S. 213, 221–22 (1975); *Rachel*, 384 U.S. at 804–05.  A criminal defendant cannot remove a state criminal prosecution merely by asserting that "the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Greenwood*, 384 U.S. at 827.

Hunt does not allege that any Florida law has prevented him, or would prevent him, from asserting his constitutional rights in a Florida court. Hunt also does not allege—much less demonstrate—that he is immunized from prosecution and trial by a federal civil rights law.

Page 5 of 7

Accordingly, Hunt has failed to carry his burden of demonstrating that § 1443(1) authorizes removal of his criminal cases.

## B.   Hunt Cannot Remove His Cases Under 28 U.S.C. § 1455

In his notice of removal, Hunt also references 28 U.S.C. § 1455.

Section 1455 bears the title: "Procedure for removal of criminal prosecutions." True to its label, § 1455 merely sets forth the procedures and requirements for the removal of criminal prosecutions. *Kansas v. Gilbert*, 2023 WL 2397025, at *1 (10th Cir. Mar. 8, 2023); *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 n.2 (3d Cir. 2016); *In re Ingris*, 601 F. App'x 71, 75 (3d Cir. 2015). This provision does not itself confer power on defendants to remove actions, and it does not confer subject-matter jurisdiction on federal courts. *Pennsylvania v. Halloway*, 2024 WL 5103009, at *1 (3d Cir. Dec. 13, 2024). Rather, a litigant seeking to remove a case must articulate some other statutory basis for removal and jurisdiction. *See Colorado v. Murphy*, 2024 WL 340793, at *2 (10th Cir. Jan. 30, 2024). Accordingly, Hunt also has not demonstrated—and cannot demonstrate—that § 1455 authorizes removal of his cases and empowers the District Court to adjudicate Hunt's criminal cases.

CONCLUSION

For the reasons set forth above, the undersigned respectfully

RECOMMENDS that the District Court:

1.    **REMAND** Hunt's criminal cases, Holmes County Court Case

Nos. 26000046CTAXMX and 26000052MMAXMX, to the State court from

which they originated.

2.    **DIRECT** the clerk of court to take all steps necessary to

remand the cases noted above and close this case file.

At Pensacola, Florida, this 1st day of April 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**